**STATE of Tennessee, Appellee,**

v.

**Judy Poarch BOWDEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 6, 1983.

Application for Permission to Appeal Denied by Supreme Court Aug. 29, 1983.

W. Howell Forrester, Pulaski, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, James S. Kidd, Dist. Atty. Gen., Fayetteville, Barry White, Asst. Dist. Atty. Gen., Lewisburg, for appellee.

## OPINION

TATUM, Judge.

The defendant, Judy Poarch Bowden, was convicted of solicitation to commit a felony and the jury fixed punishment at not less than 2 years nor more than 5 years in the State penitentiary. On the defendant's application for probation, the trial judge ordered that she serve 60 days in the County Workhouse on a work release program, and suspended the balance of the penitentiary sentence for 2 years. The judgment of the trial court is affirmed.

■ The defendant has presented 31 issues for review. After the listing of the first 30 issues, she has, under the heading "applicable law," quoted from several authorities. She does not discuss the authorities cited or specify which issues she deems to be applicable to any of the authorities cited. The brief contains no argument setting forth her contentions with respect to the issues presented or giving the reasons therefor. In short, the brief utterly fails to comply with Rule 27(a)(7), T.R.A.P. Her contentions cannot be determined from reading the brief composed only of issues and quotations taken from appellate court decisions or other authorities. Since these issues are not supported by argument, they are waived. Court of Criminal Appeals Rule 10(b).

The thirty-first issue is properly briefed. In this issue, the defendant says that the denial of her petition for a suspended sentence constituted an abuse of discretion, particularly since this was her first criminal offense and her character or reputation was not attacked by the State. We first note that the trial court did not deny relief on her application for a suspended sentence. The trial judge suspended all of her sentence except for 60 days. He permitted her to serve the 60-day sentence on a work release program in which she is allowed to leave the jail immediately prior to her work hours in the mornings and remain away from the jail during working hours. She was required to be confined in jail on weekends during the 60-day period. The rest of her sentence was suspended for a 2-year period.

■ The trial judge was of the opinion that the defendant perjured herself at trial and also at the probation hearing. The evidence given by the defendant at trial was in sharp conflict with the evidence given by three State witnesses. This supports the conclusion of the trial judge that the defendant lied under oath at trial. The trial judge found the defendant's explanation of her conduct which resulted in previous charges of destruction of private property and assault with a deadly weapon to be totally incredible. The record supports this conclusion. These were proper factors for consideration by the trial judge. *State v. Bunch,* 646 S.W.2d 158 (Tenn.1983); *State v. Poe,* 614 S.W.2d 403, 404 (Tenn.Cr.App. 1981).

■ The trial judge further based his refusal to grant total probation on the ground of deterrence. The defendant was convicted of criminal solicitation. The underlying facts demonstrate that she solicited another to burglarize her home in order that she might file a fraudulent insurance claim. The crime was planned over a long period of time. We think the trial judge was authorized to consider the deterrent factor and also the magnitude of the crime in denying complete probation. See *State v. Michael,* 629 S.W.2d 13 (Tenn.1982); *State v. Travis,* 622 S.W.2d 529 (Tenn.1981).

On balance, we find that the trial judge was very fair with the defendant with respect to probation and we hold that he did not abuse his discretion.

It results that the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.