**STATE of Tennessee, Appellee,**

v.

**Richard Lewis BUNCH, Appellant.**

**No. 82-109-III.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 14, 1983.

Permission to Appeal Denied by Supreme Court Aug. 29, 1983.

James B. Dance, Carthage, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Steven A. Hart, Asst. Atty. Gen., Nashville, J.W. Luna, Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

DWYER, Judge.

The appellant, charged with grand larceny, pled guilty to committing the reduced offense of petit larceny and received a sentence of not less than two nor more than five years.

His petition for suspended sentence was denied by the trial court after all of his *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974) rights were accorded to him. The trial court reduced the sentence to confinement for eight months, and thereafter if appellant made restitution within three months he would be placed on probation for five years.

The sole issue: Was the denial of probation an abuse of discretion?

The appellant testified that he and some of his friends were drinking beer and smoking marijuana in the vicinity of Center Hill Lake. They observed two ladies on the bank of the lake who had left their purses some twenty feet further up on the bank. The appellant lost the flip of a coin and was elected to become the thief of one of the purses. He was arrested the same day as the theft. Eight days later in Smith County, while painting a friend's home, he entered the house and stole some jewelry and other items that belonged to his friend in order to meet his expenses from the first theft case. Appellant testified that his conscience bothered him, and he turned himself and the stolen items in to the police a short time after the second theft. This case was dismissed when the Smith County Police lost the stolen articles.

The present difficulties of appellant occurred while he was divorced, but he has since remarried his former wife. He has an eleventh-grade education and is the father of two children. He currently earns approximately $100 per week as a farm worker.

Appellant's wife, sister and the chief deputy sheriff for Smith County testified favorably for the appellant. The probation officer testified that the victim of the purse theft felt sorry for the appellant's family and only wanted restitution for her insurance company; she was not opposed to probation.

The probation report stated that even though appellant had no significant prior record, his reputation in the community was poor.

The attorney general asked no questions of any witness and offered no proof; this was the antithesis of the tenets found in *Stiller v. State, supra,* which obliges prosecutors to promote the public welfare by opposing unworthy candidates for probation.

■ We are not to second-guess the trial court in matters of this kind. *Mattino v. State,* 539 S.W.2d 824 (Tenn.Cr.App. 1976). The grant of probation is a largesse of the law and cannot be demanded as a right. *State v. Correll,* 626 S.W.2d 699 (Tenn.1982). The burden is on appellant to show that he is entitled to probation. *State v. Ricker,* 611 S.W.2d 839 (Tenn.Cr.App. 1980). We are to uphold the trial court's judgment if there is substantial evidence in the record, as there was here, to support the denial. *State v. Grear,* 568 S.W.2d 285 (Tenn.1978).

On the one hand there is evidence that the appellant was working, married, and the father of two children; witnesses testified that appellant, if probated, would be a good risk. On the other side of the scale, the appellant stole a purse on the flip of a coin when he had been drinking and smoking marijuana. In a short period of time after being released on bond, he entered the home of a trusting friend and stole his goods. The probation report brands appellant's reputation as poor.

■ The nature and circumstances of the offense would not by themselves be sufficient factors to deny probation in this case. *State v. Travis,* 622 S.W.2d 529 (Tenn.1981). Likewise, the fact that appellant's offense was reduced to petit larceny is not a proper factor to consider. *Mattino v. State, supra.* The trial court in this case relied on the deterrence factor. It is implicit in the denial that while appellant might benefit from probation, society as a whole would not. *Stiller v. State, supra.* The trial judge expressed the view that appellant's confinement would deter similar crimes at the Center Hill Lake area. It is obvious that the public humiliation of being arrested was not enough to deter appellant, since he committed a second theft from a

trusting friend only a few days after the first arrest. This fact alone is enough to support the denial. *Powers v. State,* 577 S.W.2d 684 (Tenn.Cr.App.1978); T.C.A. § 40–21–104.

Summed up, the evidence in this record would support the trial court's judgment in either direction. Since this is so, the denial is not based on a discretion that is palpably capricious or arbitrary. *State v. Grear, supra.* The issue overruled, the judgment of the trial court is affirmed.

WALKER, P.J., concurs.

DAUGHTREY, J., dissents.

DAUGHTREY, Judge, dissenting.

Because this is virtually a model case for probation and because there was no substantial evidence to support the trial court's refusal to suspend Bunch's entire sentence, I find that I cannot join in my colleagues' decision to affirm the judgment below.

The majority opinion first emphasizes the petitioner's commission of a second offense a few days after the theft involved in this case. But the petitioner's remorse for the subsequent crime and his action in turning himself in to police evince a real basis for concluding that successful rehabilitation can be achieved in this case through a structured probation program.

The majority opinion next emphasizes that the probation report reflects (in very general terms) that the petitioner's reputation in the community was poor. But a Smith County deputy sheriff who knew Bunch quite well testified that his reputation in the past six to eight months had undergone a "big improvement" and that Bunch was on an "upward swing." This evidence, too, points to an excellent prospect for rehabilitation through probation.

Finally, the majority opinion mentions the trial judge's reliance on the deterrence factor. But there is no proof in the record that this factor was properly considered by the trial court. *See generally State v. Michaels,* 629 S.W.2d 13 (Tenn.1982). As the majority opinion points out, the state offered no proof and, indeed, asked no questions of any of the witnesses called by the defense. Thus, there is no evidence in the record regarding the nature and degree of other crimes, if any, at Center Hill Lake, nor the need to deter them.

If the trial judge thought some incarceration would benefit the petitioner, periodic confinement on weekends or the like would have been available and appears to be a more reasonable disposition for a first offender than the sentence actually imposed. If the judge thought the petitioner owed a debt to society because of his offenses, he could have ordered Bunch to perform a specified amount of community service— trash pickup around Center Hill Lake springs readily to mind as a fitting penance for the offense Bunch committed there.

In summary, there is simply no *substantial* evidence that lengthy incarceration is in the petitioner's or the public's best interest. *See generally State v. Grear,* 568 S.W.2d 285 (Tenn.1978). I therefore cannot agree with the majority's conclusion that the judgment could properly have gone in either direction and that the *Grear* decision supports a denial of probation in this instance. For this reason, I respectfully dissent.