**STATE of Tennessee, Appellee,**

v.

**Audrey R. BROOKS, Phillip Maurice Grice, and Dorothy D. Grice, Appellants.**

**No. 10.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 23, 1987.

Permission to Appeal Denied by Supreme Court Dec. 14, 1987.

Hughie Ragan, Jackson, Tenn., for appellants.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, Tenn., Jerry Woodall, Dist. Atty. Gen., Leigh Grinalds, Asst. Dist. Atty. Gen., Jackson, Tenn., for appellee.

## OPINION

JONES, Judge.

The defendants, Audrey R. Brooks, Phillip Maurice Grice, and Dorothy D. Grice, were convicted of criminal trespass by a jury of their peers. Phillip Maurice Grice was also convicted of aggravated assault and carrying a dangerous weapon on school property.

The trial judge sentenced Audrey R. Brooks and Dorothy D. Grice to pay a fine of $50 and serve thirty (30) days in the local jail. Their respective sentences were suspended, and both were placed on unsupervised probation for a period of eleven months and twenty-nine days. The trial judge sentenced Phillip Maurice Grice as follows: A fine of $50 and confinement in the local jail or workhouse for thirty (30) days for criminal trespass, confinement for four (4) years in the local jail or workhouse for the offense of aggravated assault, and a fine of $500 and a sentence of three (3) years in the local jail or workhouse for the offense of carrying a dangerous weapon on school property. The trial judge provided in each of the three (3) cases that Grice serve a period of six (6) months, and he be placed on probation for the balance of each sentence. After the trial court denied their respective motions for a new trial the defendants appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P.

The defendants have raised eight (8) issues in this Court. The defendants, Audrey R. Brooks, Phillip Maurice Grice, and Dorothy D. Grice contend: (a) the evidence is insufficient to sustain their respective convictions; (b) T.C.A. § 39–3–1201, which proscribes the offense of criminal trespass, does not prohibit a citizen from entering public property, including a school campus; and (c) T.C.A. § 39–3–1204, which specifically proscribes trespassing upon a school campus after being ordered to leave the campus, is unconstitutional. In addition, the defendant, Phillip Maurice Grice, contends that (a) T.C.A. § 39–6–1718, which proscribes the carrying of a weapon on school property, is unconstitutional because it is vague, indefinite as well as overbroad; (b) he cannot be convicted of carrying a weapon on school property as there were no signs posted on the school campus as required by T.C.A. § 39–6–1718(d)(1); (c) he cannot be convicted of aggravated assault or carrying a weapon on school property because he was acting in defense of a third person, his mother; and (d) he complains that the sentences imposed by the trial judge were too severe and all of his sentences should have been suspended. The defendant, Dorothy D. Grice, complains that it was error to permit the assistant district attorney general to argue that she could have handled her discussion with one of the victims by a telephone call.

Shortly before the date in question Dorothy D. Grice, a resident of St. Louis, Missouri, travelled to Madison County, Tennessee, to visit her mother. She was accompanied by her son, Phillip Maurice Grice, and two friends, Audrey R. Brooks and Ned Brooks, III, all defendants. During her visit she decided to contact Bernice Bond about purchasing a tombstone for her son's grave. Mrs. Grice was of the opinion Mrs. Bond should purchase the tombstone since she had received the proceeds from the insurance company.[1]

Bond apparently refused to discuss the purchase of a tombstone with Mrs. Grice. However, Mrs. Grice continued to pursue the matter. On the morning of November 28, 1983, Mrs. Grice, in the company of her son, Phillip, and her friends, Audrey and Ned Brooks, went to the Denmark Elementary School, which is located in Madison County. When Bond and her daughter, Brenda V. Cole, both school bus drivers, returned to the campus of the elementary school to park their respective school buses, Bond and Cole saw the defendants. They hurried to Bond's car, and attempted to leave the campus. The defendants rushed to the vehicle. Ned Brooks stood in front of the car while the remaining defendants began to beat on the windows. Bond sped away. The defendants followed the Bond vehicle for several miles. Later the defendants went to Bond's home, but she was not there.

On the afternoon of November 28, 1983, Cole and Bond encountered the defendants while enroute to West Junior High School in their school buses. When they reached the school, they pulled their buses behind the other buses waiting to load students. The defendants followed them to the school, and parked their vehicle behind Bond's bus.

Dorothy Grice attempted to enter Bond's bus, but the doors were closed. When Bond stopped her bus in front of the school, and opened the doors to permit the students to enter her bus, Ned Brooks entered the bus and removed her keys from the ignition switch. Dorothy Grice then entered the bus and told Bond that she was going to talk to her. In the meantime Cole left her bus and stood beside the bus of her mother. Both Cole and Bond were armed with pistols.

When Dorothy Grice exited the bus, she engaged in a heated discussion with Cole. Ned Brooks struck Cole in the mouth.

1. On the 18th day of August, 1983, Dorothy D. Grice's son died from injuries he received in an accident. The decedent had named his step-grandmother, Bernice Bond, as the beneficiary of his life insurance policy; and the insurance company ultimately paid her approximately $19,000. She paid the decedent's burial expenses from the proceeds of the insurance policy, but she did not purchase a grave marker or a tombstone for the decedent's grave.

Cole lost her temper, drew her pistol, and fired three shots at Ned Brooks. Phillip Maurice Grice exited the car with a pistol, pointed the weapon at Cole, and told her to drop her weapon. Cole refused to do so and directed Phillip Grice to drop his weapon. Realizing the seriousness of the circumstances, Bond and Cole sought refuge inside the school building, and the police were summoned to the school campus.

Phillip Maurice Grice denied that he was in possession of a gun. He stated he exited the vehicle when he heard shots being fired. He found what appeared to be a piece of pipe, or a toy pistol, in a field; and, when he returned to the scene, pointed this object at Cole.

It appears there were no signs on the school grounds as mandated by T.C.A. § 39–6–1718(d)(1) relative to the penalty for carrying weapons on school property.

## APPLICABILITY OF CRIMINAL TRESPASS STATUTE

█ The defendants contend they may not be convicted of criminal trespass in light of the facts introduced into evidence. According to the defendants, the criminal trespass statute, T.C.A. § 39–3–1201, prohibits trespassing on private property under certain circumstances. The statute does not prohibit citizens from going on public property. We agree.

The criminal trespass statute, as it existed at the time these offenses are alleged to have occurred, made it a criminal offense "to unlawfully enter upon the premises of another, and against his consent, with force amounting to a breach of the peace, or such as is calculated to produce a breach of the peace." We are of the opinion the language of this statute is not broad enough to encompass property which is owned and operated by a governmental entity and is open to the public.

When this offense occurred, the Tennessee General Assembly had never undertaken to bar citizens from the campus of a school. In 1969 the General Assembly enacted a statute which made it a criminal offense for a person, who committed any act which interfered with the normal, orderly, peaceful, or efficient conduct of the activities of a school, to remain on the campus after being directed to leave by the chief administrative officer, or employee designated by him to maintain order on the campus. T.C.A. § 39–3–1204. In 1970 this statute was judicially determined to be unconstitutional. See *Baxter v. Ellington*, 318 F.Supp. 1079 (E.D.Tenn.1970). This is the reason why the defendants were not prosecuted pursuant to this statute.

In 1986 the General Assembly amended both the criminal trespass statute as well as the statute regulating trespass on school campuses. The language of the amendments of both statutes would seem to include the conduct of the defendants in this case. Thus, the issue and problem which we address should not occur in the future.

The convictions of Audrey R. Brooks, Dorothy D. Grice, and Phillip Maurice Grice for the offense of criminal trespass are reversed and dismissed.

## CARRYING A WEAPON ON SCHOOL PROPERTY

The defendant, Phillip Maurice Grice, contends he cannot be convicted of carrying a weapon on school property because (a) no signs were posted on the school campus as required by T.C.A. § 39–6–1718(d)(1), (b) he was acting in defense of a third person, his mother, and (c) the statute which proscribes the carrying of weapons on school property, T.C.A. § 39–6–1718, is unconstitutional because it is vague, indefinite as well as overbroad. We disagree.

█ The failure of the chief administrator of a public or private school to post signs, stating it is a felony to carry a weapon on school grounds and the punishment for the offense, will not bar a conviction for carrying a weapon on school grounds. The display of such signs is not an element of the offense. To establish the

offense of carrying a weapon on school grounds it must be shown that the defendant (a) possessed or carried a weapon enumerated in the statute, (b) on the campus of any public or private school, and (c) with the intent to go armed. T.C.A. § 39–6–1718(a)(2). These elements were established in the case *sub judice.* There is evidence contained in the record from which a rational trier of fact could conclude that the appellant is guilty of the offense of carrying a weapon on school grounds. Tenn.R.App.P. 13(e); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982). This issue is without merit.

■ The fact the defendant may have been acting in defense of his mother is not a defense to the offense of unlawfully carrying a weapon on school grounds. A person who is justified in using a weapon in defense of himself or others may be convicted of the unlawful carrying or possession of the weapon. See *State v. Bowling,* 3 Tenn.Cas. 110, 113–114 (1880); *Foster v. State,* 102 Tenn. 33, 49 S.W. 747 (1899). This issue is without merit.

■ The defendant's contention that T.C.A. § 39–6–1718 is unconstitutional because it is vague, indefinite, and overbroad is likewise without merit. We are of the opinion the meaning of the statute is clear and unambiguous. Any person of ordinary intelligence "would have no difficulty in discerning the proscribed activity." *State v. Ash,* 729 S.W.2d 275, 280 (Tenn.Crim. App.1986). See *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); *Giaccio v. Pennsylvania,* 382 U.S. 399, 402–403, 86 S.Ct. 518, 520–521, 15 L.Ed.2d 447 (1966). All that the Due Process Clause requires is that the statute give sufficient warning so that the citizens may avoid the conduct which is prohibited by the statute. *Rose v. Locke,* 423 U.S. 48, 49–50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975); *State v. Wilkins,* 655 S.W.2d 914, 915 (Tenn.1983); *State v. Thomas,* 635 S.W.2d 114, 116 (Tenn.1982).

## AGGRAVATED ASSAULT

■ The defendant, Phillip Maurice Grice, contends he cannot be convicted of aggravated assault because he was acting in defense of his mother. We disagree.

In the case *sub judice* the defendant, his mother and their co-defendants, Audrey and Ned Brooks, were the aggressors. Bond and Cole were enroute to the West Junior High School for the purpose of transporting the students to their respective homes. The defendants saw the buses and followed them to the school. Dorothy Grice admitted she knew that Bond did not want to talk to her. Indeed, Bond refused to talk to her earlier that morning; and she refused to open the doors to the bus when she was requested to do so. Yet the defendants continued to harass Bond and continued to attempt to obtain entry to the bus. When Bond opened the door to permit the children to enter the bus, Ned Brooks and Dorothy Grice entered the bus. They took the keys to the bus and told her she was going to listen to what Grice had to say. When Dorothy Grice left the bus, she engaged in a heated conversation with Cole. Ned Brooks then struck Cole. Bond only pulled a weapon when it appeared that several of the defendants were about to attack Cole. Both Bond and Cole retreated to the safety of the school. Thus, the defendant is not entitled to rely upon the defense of self-defense to avoid his conviction for aggravated assault. See *Murphy v. State,* 188 Tenn. 583, 221 S.W.2d 812 (1949). See *Johnson v. State,* 125 Tenn. 420, 143 S.W. 1134 (1912); *Smith v. State,* 105 Tenn. 305, 60 S.W. 145 (1900); *State v. Barnes,* 675 S.W.2d 195, 196 (Tenn.Crim. App.1984). This issue is without merit.

## SENTENCING

The defendant, Phillip Maurice Grice, contends the sentences imposed by the trial court are excessive and constitute punishment for going to trial. He urges this Court to reduce his sentences and to grant him full probation.

When an accused challenges the length, range, or manner of service of a sentence,

it is the duty of this Court to conduct a *de novo* review of the sentence without a presumption of correctness. T.C.A. § 40–35–402(d).

In conducting a *de novo* review of a sentence this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the pre-sentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. See T.C.A. §§ 40–35–103 and 210; *State v. Moss*, 727 S.W.2d 229 (Tenn.1986).

■ When the accused, as here, claims entitlement to probation, we must also consider the circumstances of the offense, the defendant's criminal record, social history, present condition, physical or mental condition, and the deterrent effect upon other criminal activity. T.C.A. § 40–21–104(a)(1); *Stiller v. State*, 516 S.W.2d 617 (Tenn. 1974). Most, if not all, of these factors are to be considered in our *de novo* review of a sentence.

The defendant brings to our attention that Cole, who fired multiple shots at Ned Brooks in front of the school, was sentenced to serve one (1) year for the offense of carrying a weapon on school property, the entire sentence being suspended by the trial court, while Grice, who did not brandish a weapon until Cole had fired the shots, was sentenced to pay a fine of $500.00 and serve a term of three (3) years for the same offense. The trial court suspended all but six (6) months of Grice's sentence. Cole was sentenced to serve two (2) years for the offense of aggravated assault, the entire sentence being suspended by the trial court, while Grice was sentenced to serve a term of four (4) years for this same offense. Again, the trial court suspended all but six (6) months of Grice's sentence. The only explanation given by the trial court for this disparity in sentencing was that the sentences of Cole and Bond were pursuant to a plea bargain agreement, and Phillip Maurice Grice opted for a trial on the merits.

The primary purpose of the Tennessee Criminal Sentencing Reform Act of 1982 is to assure the imposition of a sentence the defendant deserves in relation to the seriousness of the offense. T.C.A. § 40–35–102(1); *State v. Moss*, 727 S.W.2d 229, 235 (Tenn.1986). Another purpose of the act is to "[a]ssure the fair and consistent treatment of all defendants by eliminating unjustified disparity in sentences." T.C.A. § 40–35–102(2); *State v. Moss*, supra. As Justice Drowota said in *Moss*, this purpose "clearly implies that some disparity is justified, depending on the particular crime and the individual criminal." *State v. Moss*, supra. In other words, "some unavoidable disparities will result in sentences, but each will be treated fairly and consistently based on the procedures and principles that guide sentencing determinations and the assessment of the facts and circumstances presented in a specific case." *State v. Moss*, supra.

■ In the case *sub judice* the facts surrounding this entire episode are before us. It is uncontradicted that Cole carried a weapon upon the campus of West Junior High School, and, after being struck by Ned Brooks, fired several shots at Brooks while the students were leaving the school to board buses. On the other hand, Grice did not brandish a weapon until Cole had fired the shots. He never fired the weapon. He only asked that she drop the weapon. He did not point the weapon at any other person. Thus, we are of the opinion the sentences imposed by the trial court should be reduced.

The distinguished trial judge properly refused to suspend all of the defendant's sentence due to the circumstances of the offense and the need for deterrence.

■ The grant of probation is a largesse of the law and cannot be demanded as a right. *Stiller v. State*, 516 S.W.2d 617

(Tenn.1974); *State v. Bunch,* 656 S.W.2d 404 (Tenn.Crim.App.1983). The burden is on the appellant to prove that he is entitled to probation. *State v. Bunch,* supra; *State v. Ricker,* 611 S.W.2d 839 (Tenn. Crim.App.1980). In this case the defendant, Phillip Maurice Grice, failed to establish that he is entitled to probation.

As stated previously, Mr. Grice and his co-conspirators were the aggressors. They confronted Bond and Cole that morning; and they followed them to the campus of the school where they had no business. What took place on the campus of the school was especially violent, horrifying, shocking, reprehensible and offensive. Such conduct warrants the denial of probation due to the nature and circumstances of the offense. See *State v. Travis,* 622 S.W. 2d 529, 534 (Tenn.1981); *State v. Bowden,* 656 S.W.2d 58, 59 (Tenn.Crim.App.1983). Furthermore, there is a definite need to deter such conduct. The brandishing of weapons and the attack of school bus drivers while loading children cannot be tolerated. But for the grace of God several innocent children, who were leaving school for the day, could have been mortally injured. Such conduct on school campuses will not and cannot be tolerated.

The convictions of Audrey R. Brooks, Phillip Maurice Grice, and Dorothy D. Grice for the offense of criminal trespass are reversed and dismissed.

The conviction of Phillip Maurice Grice for carrying a weapon on school property in violation of T.C.A. § 39–6–1718 is af-firmed. His sentence is modified so as to require the defendant to pay a fine of $500 and serve one (1) year in the local jail or workhouse. The defendant shall be required to serve six (6) months of this sentence in the local jail or workhouse followed by supervised probation for a period of two (2) years and six (6) months subject to the terms and conditions which have already been imposed by the trial judge.

The conviction of Phillip Maurice Grice for the offense of aggravated assault is affirmed. His sentence for this offense is modified so as to require the defendant to serve a term of two (2) years in the local jail or workhouse. The defendant shall also be required to serve six (6) months of this sentence in the local jail or workhouse followed by supervised probation for a period of three (3) years and six (6) months subject to the terms and conditions already imposed by the trial judge. The two sentences shall be served concurrently.

DUNCAN and DAUGHTREY, JJ., concur.