# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 23, 2001

## STATE OF TENNESSEE v. DONNELL BOOKER

**Direct Appeal from the Criminal Court for Knox County**
**No. 64070     Mary Beth Leibowitz, Judge**

---

**No. E2000-02137-CCA-R3-CD**
**June 26, 2001**

---

The Defendant was convicted by a Knox County jury of aggravated assault, a Class C felony. The Defendant was sentenced as a Range II multiple offender to nine years incarceration in the state penitentiary. The Defendant now appeals, arguing that insufficient evidence was presented at trial to convict him of aggravated assault. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Russell T. Greene, Knoxville, Tennessee, for the appellant, Donnell Booker.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Randall E. Nichols, District Attorney General; Jennifer H. Welch, Assistant District Attorney General; and Patricia Cristil, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### I. FACTS

Broderick Lee Tory, the victim, testified as the only witness for the State. Tory testified that he met the Defendant in Brushy Mountain Prison, where the two of them had been cell mates for about a week or a week and a half. According to Tory, about a month after he got out of prison, he stopped on the side of Martin Luther King Avenue in Knox County, Tennessee, to pick up the son of one of his friends. Sonya Ashford was with Tory in the car. When Tory pulled over, he was approached by the Defendant, who said, "Man, why you take that from me? You stole something." Tory testified that he told the Defendant he did not know what he was talking about. Tory testified that the Defendant then asked Tory for some money. Tory testified that he told the Defendant to leave, and the Defendant "pushed the door on [Tory's] throat as [he] was getting out of the car." Tory said that he punched the Defendant to get him off the car. The Defendant "swung" at Tory, and

Tory fell on the ground. Tory testified that while he was on the ground, the Defendant stabbed him in the stomach. At that point, the Defendant ran away.

Tory testified that he went home and tried to bandage himself up. Tory's girlfriend called the police. The police came to Tory's house and called an ambulance. Tory was taken to the hospital where he stayed for two and a half weeks.

## II. ANALYSIS

The Defendant argues that there was insufficient evidence presented at trial to convict him of aggravated assault. Specifically, the Defendant argues that the State's only witness was not credible. The Defendant also argues that the State should have called Sonya Ashford to testify.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

In this case, the Defendant was convicted of aggravated assault in count one of the indictment. A person is guilty of aggravated assault who intentionally or knowingly commits an assault as defined in Tennessee Code Annotated § 39-13-101 and causes serious bodily injury to another. Tenn. Code Ann. § 39-13-102(a)(1)(A).

Although Tory was the only witness for the State, the jury found him to be credible. Viewing the evidence in the light most favorable to the State, Tory was trying to get out of his car when the Defendant shut the car door on Tory's neck. Tory punched the Defendant in order to get out of the car. Tory, trying to avoid traffic, fell on the ground. The Defendant then stabbed Tory while he was

lying on the ground, causing serious bodily injury to Tory. The jury chose to accredit the testimony of Tory, and the jury's findings of fact cannot be re-weighed or re-evaluated by our Court. <u>See</u> <u>State v. Suttles</u>, 30 S.W.3d 252, 260 (Tenn. 2000).

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE