# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. TIMOTHY TILLERY

**Appeal from the Circuit Court for Blount County**
**No. C-6503      D. Kelly Thomas, Jr., Judge**

---

**No. E2000-01996-CCA-R3-CD**
**August 16, 2001**

---

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached in the majority opinion, but I disagree with its view of when the defendant's speedy trial right began and with its view of the due process analysis, which indicates that the burden of proving the state's improper intent is on the defendant. On the other hand, I do not believe that the record justifies our awarding the defendant the relief he seeks.

Regarding the defendant's right to a speedy trial, the record reflects that a detainer from Blount County was lodged with the Department of Correction based upon the probation violation warrant perhaps as early as November 1999, if not earlier. Moreover, the defendant's testimony indicates that his parole date was negatively affected by the detainer. Detainers have been officially recognized to "obstruct programs of prisoner treatment and rehabilitation." Tenn. Code Ann. § 40-31-101. I believe that the defendant's speedy trial right was triggered when the detainer resulting from his revocation warrant was lodged.

Relative to the due process analysis for the delay between the commission of an offense and the formal commencement of adversarial proceedings, the majority opinion states that the defendant must prove (a) a delay, (b) actual prejudice resulting from the delay, and (c) the state caused the delay in order to gain tactical advantage over or to harass the accused. See State v. Dykes, 803 S.W.2d 250, 256 (Tenn. Crim. App. 1990). The opinion states that our supreme court has indicated that the Dykes test is an appropriate test. I note that Dykes relies on United States v. Marion, 404 U.S. 307, 92 S. Ct. 455 (1971) to devise the test.

However, I question whether the defendant has the burden of proving the state's intent and whether the state must be shown to act intentionally in order to gain tactical advantage. In United States v. Lovasco, 431 U.S. 783, 97 S. Ct. 2044 (1977), the defendant showed that he was prejudiced by the more than eighteen-month delay in his indictment. The Court noted that there was

"unfortunately, no evidence concerning the reasons for the delay in the record." Id. at 796, 97 S. Ct. at 2052. It stated, though, that the government explicitly represented to the court of appeals, and implicitly to the trial court, that the delay resulted from its awaiting results of additional investigation. Id. Much to Justice Stevens's chagrin as expressed in his dissent, the Court determined that the government's representations on appeal reflected a legitimate explanation for the delay. In his dissent, Justice Stevens complained that the majority opinion was relying on unsworn statements of counsel on appeal which were not part of the record and which, therefore, should not be considered. He would have limited review to the record developed in the trial court and would have affirmed the dismissal of the case because the record reflected that the government offered no justification for the delay. Id. at 798-800, 97 S. Ct. at 2053-54. The important aspect of the majority and dissenting opinions is that both placed the burden upon the prosecution to justify the delay. Thus, I do not believe that federal due process analysis requires the defendant to prove the state's intent regarding its actions and nonactions. Moreover, I note that in Lovasco, the Court noted that the government conceded that a due process violation might be shown, as well, by "prosecutorial delay incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense." 431 U.S. at 795 n.17; 97 S. Ct. at 251 n.17. Thus, I question whether due process requires only that the government not intentionally delay for tactical or harassment purposes.

In any event, regardless of whether we are considering the right to a speedy trial or a due process right, the defendant has not shown any prejudice caused by the delay. As the majority opinion notes, the defendant's sentences were ordered to be served consecutively. The delay while he was serving his sentence from Knox County had no bearing on his revocation in this case. I concur in the results reached in the majority opinion.

_____
JOSEPH M. TIPTON, JUDGE