IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1997 SESSION



**FILED**

**April 15, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | ) NO. 03C01-9704-CR-00147 |
| Appellee, | ) |
| | ) WASHINGTON COUNTY |
| v. | ) |
| | ) HON. LYNN W. BROWN |
| GRANT LEE PROVENCHER | ) |
| | ) (Sentencing) |
| Appellant | ) |
| | ) |

For the Appellant

Laura Rule Hendricks
Eldridge, Irvine & Hendricks
606 W. Main Street, Ste. 350
P.O. Box 84
Knoxville, TN. 37901-0084

Jeff C. Kelly
Assistant Public Defender
1st Judicial District
P.O. Box 996
Johnson City, TN. 37605

For the Appellee

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN. 37243-0493

David E. Crockett
District Attorney General

Kent W. Garland
Assistant District Attorney General
1st Judicial District
Unicoi County Courthouse
Erwin, TN. 37650

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Grant Lee Provencher, appeals as of right the sentence he received following a guilty plea in the Washington County Criminal Court. The appellant pled guilty to reckless homicide, a Class D felony, and was sentenced as a Range I standard offender to three (3) years in the Washington County jail. He contends on appeal that the trial court erred in denying his request for alternative sentencing.

After a review of the record, we affirm the judgment of the trial court.

The facts of this case demonstrate once again how the mixing of alcohol with dangerous instrumentalities can result in senseless tragedy. On February 6, 1996, the appellant was drinking alcoholic beverages and socializing with friends in his Johnson City apartment. Among those participating in the party were the victim, Jason McWatters, and his girlfriend, Summer Phillips. During that evening, the appellant entered his bedroom and brought out a .357 caliber hand gun. He removed the magazine clip from the pistol and allowed Ms. Phillips to handle it. She pointed it and proceeded to click the hammer as if to fire the weapon. When she returned the weapon to the appellant, he aimed it at Ms. Phillips and began cocking and depressing the hammer. During that time, the gun made a clicking noise but never fired.

The victim told appellant not to point the gun at Ms. Phillips; however, the appellant assured him that the gun was unloaded. Thereafter, the appellant aimed the gun directly at the victim's head and depressed the hammer. The gun fired a bullet into the victim's forehead, killing him instantly. Although the appellant tried to help the victim, he panicked and fled from the apartment upon finding that the victim had no pulse. Before leaving, the appellant stated, "you guys don't know me, you guys don't know what happened, I've got to get out of here!"

The appellant was indicted by the Washington County grand jury for the offense of reckless homicide. He entered a plea agreement whereby he pleaded

2

guilty to reckless homicide and received a three (3) year sentence as a Range I standard offender. The trial court conducted a sentencing hearing and ordered the appellant to serve his entire sentence in the Washington County jail. The appellant argues on appeal that the trial court erred in denying his request for alternative sentencing. He contends that he is a suitable candidate for probation or some other sentencing alternative to incarceration.

This issue is without merit.

When a defendant challenges the length, range, or manner of his sentence, we must conduct a *de novo* review of the record. See Tenn. Code Ann. § 40-35-401(d) (Supp. 1996). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party has the burden of showing that the sentence is improper. See Tenn. Code Ann. § 40-35-401 (Sentencing Commission Comments). However, the presumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

To determine the appropriate sentence, the trial court must consider the following: (1) evidence from the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments concerning sentencing alternatives; (4) the nature and characteristics of the offense; (5) information offered by the State or the defendant concerning enhancing or mitigating factors; and (6) the defendant's statements in his own behalf concerning sentencing. See Tenn. Code Ann. § 40-35-210(b); see also State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In this case, the trial court considered the evidence from the sentencing hearing, the presentence report, and all relevant factors and circumstances before ordering the appellant to serve three (3) years in the Washington County jail. We,

therefore, review appellant's sentence with a presumption of correctness.

The trial court acknowledged that the appellant was a presumable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102.[1] The appellant pled guilty to reckless homicide, a Class D felony, and he was sentenced as a Range I standard offender. However, the trial court found that the statutory presumption was rebutted by evidence to the contrary. We agree.

Guidance as to what constitutes "evidence to the contrary" is contained in Tennessee Code Annotated section 40-35-103(1). That section provides that a sentence of confinement should be based upon whether confinement is necessary to protect society or to avoid depreciating the seriousness of the offense, whether "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses, whether "measures less restrictive than confinement have frequently been applied unsuccessfully to the defendant," and whether the defendant has a potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-103(1), (5) (Supp. 1996).

The trial court examined the above factors in determining that the appellant should serve his three (3) year sentence in confinement. From the appellant's testimony at the sentencing hearing, the trial court found that the appellant was so intoxicated on the night of the shooting that his memory had been disturbed. Furthermore, the appellant admitted that since the time of the offense, he had repeatedly binged on drugs and alcohol to avoid dealing with the consequences of his actions. The trial court determined that although there was no evidence that

---

[1]The statutory presumption for alternative sentencing is contained in Tennessee Code Annotated section 40-35-102(5), (6) (Supp. 1996). Section 40-35-102(5) provides that:

In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

Under section 40-35-102(6), "[a] defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

4

confinement would provide deterrence, there was proof that the violent offense coupled with appellant's intoxication presented a major public concern.

Moreover, the trial court found that the offense involved multiple enhancement factors including the appellant's criminal history, more than one victim, the use of a firearm, and no hesitation about committing a crime when the risk to human life was high. See Tenn. Code Ann. § 40-35-114 (1),(3),(9), & (10) (Supp. 1996).[2] From appellant's presentence report, the trial court found that the appellant had two prior assault convictions for which he served probationary sentences. While serving probation for the second assault conviction, the appellant was held in contempt of court for failing to pay restitution.

The appellant's social history and present condition also influenced the trial court's decision. The trial court found that the appellant was a high school dropout with a history of underage drinking and drug abuse. Although the appellant had received a G.E.D. and planned to attend college, he had demonstrated an inability to maintain employment and to improve his life due to persistent substance abuse problems.[3]

Moreover, there was a question as to whether the appellant was truly remorseful for the reckless killing of the victim. As the trial court noted, the appellant testified that he felt sorrow and regret for his actions on the night of the shooting; however, he did not express those feelings until he was recalled to testify by his trial counsel.[4] Furthermore, the appellant admitted that he had relied upon alcohol and drugs to escape from the consequences of his actions. Based upon that evidence

---

[2]The trial court found that Ms. Phillips was also a victim because the appellant had pointed the gun at her before he shot the victim.

[3]The appellant testified that he had been fired from one job and had quit another without notice due to substance abuse and other personal problems. However, at the time of the sentencing hearing, he was working at a Red Lobster restaurant.

[4]When the appellant first testified at the sentencing hearing, he did not mention any remorse or sorrow for the loss of life or the suffering of the victim's family. It was not until after the testimony of the victim's mother and father that the appellant testified concerning his remorse.

and the appellant's probation record for two previous violent offenses, the trial court determined that appellant's potential for rehabilitation was "not good."

From our *de novo* review, we find that the trial court was justified in denying an alternative sentence. While not relying solely upon the violent nature of the present offense, we conclude that the offense combined with appellant's history of substance abuse, intoxication, and previous violent offenses, rebutted the presumption that he was a favorable candidate for alternative sentencing. The appellant has served two prior probationary sentences, yet he has continued to mix alcohol and drugs with dangerous criminal activities.

The evidence fails to demonstrate how a probationary sentence in this case would "subserve the ends of justice and the best interest of both the public and the defendant." See State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), *per. app. denied* (Tenn. 1990). We, therefore, conclude that the appellant has failed to carry his burden of showing that his sentence was improper.

The judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE