IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2001

## STATE OF TENNESSEE v. DOUGLAS C. CARR

**Appeal as of Right from the Criminal Court for Shelby County**
**No. 00-02787     Arthur T. Bennett, Judge**

---

### No. W2000-01775-CCA-R3-CD - Filed July 16, 2001

---

The appellant, Douglas C. Carr, pled guilty in the Shelby County Criminal Court to one count of driving while an habitual motor vehicle offender. Pursuant to the plea agreement, the petitioner was sentenced as a standard Range I offender to eighteen months incarceration in the Shelby County Correction Center with the manner of service to be determined by the trial court. The trial court denied the appellant alternative sentencing, and, on appeal, the appellant raises the following issue for our review: whether the trial court erred in denying the appellant alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

A.C. Wharton, Jr., Tony N. Brayton, and Paula Skahan, Memphis, Tennessee, for the appellant, Douglas C. Carr.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

At 1:00 a.m. on September 21, 1999, the appellant, Douglas C. Carr, received a telephone call at home from someone claiming to have witnessed one of the appellant's employees stealing from a business that employed the appellant's cleaning service. The appellant became concerned and got in his car to drive to the scene to attempt to catch the employee in the act. En route, Memphis police officers stopped the appellant's vehicle because a tail light on the vehicle was not operational. Upon checking the appellant's driver's license, the officers discovered that the

appellant's license had been suspended because the appellant is an habitual motor vehicle offender. The officers arrested the appellant and took him into custody.

On June 22, 2000, the appellant pled guilty in the Shelby County Criminal Court to one count of driving while an habitual motor vehicle offender. Pursuant to a negotiated plea agreement, the appellant was sentenced as a standard Range I offender to eighteen months incarceration in the Shelby County Correction Center. The plea agreement further provided that the trial court would determine the manner of service of the appellant's sentence.

Subsequently, the trial court held a hearing on the appellant's "Petition to Suspend Sentence." The appellant testified that, while he admittedly had a criminal record replete with driving offenses, most of the offenses had occurred during a time when the appellant was a heavy drinker. The appellant presented a certificate demonstrating his completion of a substance abuse rehabilitation program in October 1996, and he maintained that he had not consumed alcoholic beverages since that time. The appellant admitted that he knew he was not allowed to drive but contended that he was so concerned about the report of employee theft that he immediately left to deal with the situation. The appellant claimed that his business might be harmed if others discovered that he had employed a thief. Additionally, the appellant contended that he had no concrete proof that the employee had actually taken anything; therefore, he did not call the police to handle the matter and instead tried to resolve the situation himself. Moreover, the appellant testified that, if he were incarcerated, he would lose his business contracts and his house. The appellant told the court that, if granted an alternative sentence, he would never again commit such an offense.

On cross-examination, the appellant again admitted that he possessed a lengthy history of driving offenses. Particularly, the appellant conceded that he had amassed ten driving convictions during a twelve year period. Additionally, the appellant acknowledged that he had received probation for several of the prior convictions and had previously violated that probation. However, the appellant emphatically stated that he needed "one more chance."

The trial court found that the appellant's history of driving offenses was extensive and that measures less restrictive than confinement had recently or frequently been applied to the appellant. Specifically, the trial court stated:

> This is not your first violation of this type of law. Driving while a--a felony case--driving while a motor vehicle offender. This is not your first one. It's about your third one.
>
> So it shows that incarceration may be the only other alternative at this time.

Additionally, the trial court noted that, due to the repetitive nature of the appellant's offenses, the seriousness of the offense would be depreciated by granting the appellant alternative sentencing. Accordingly, the trial court denied the appellant alternative sentencing, which denial the appellant now appeals.

## II.  Analysis

This court will conduct a de novo review of the length, range, or manner of service of a sentence.  Tenn. Code Ann. § 40-35-401(d) (1997).  In addition, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will presume that the determinations of the trial court are correct.  Id.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  Nevertheless, the burden remains on the appellant to demonstrate the impropriety of his sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. The record indicates that the trial court did consider the sentencing principles, as well as the facts and circumstances of the offense.  Accordingly, we will review the appellant's sentence de novo with a presumption that the trial court's determination is correct.

In conducting our review of the appellant's sentence, this court, like the trial court, considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997); see also Ashby, 823 S.W.2d at 168.

As the appellant does not contest the length or range of his sentence, we will begin by addressing the appellant's suitability for alternative sentencing.  An appellant is eligible for probation if the sentence actually imposed is eight years or less.  Tenn. Code Ann. § 40-35-303(a) (1997).  Moreover, if the appellant is an especially mitigated or standard offender convicted of a class C, D, or E felony, he or she is then presumed to be a favorable candidate for alternative sentencing.  Tenn. Code Ann. § 40-35-102(6).  The appellant was sentenced as a standard Range I offender and was convicted of a class E felony; therefore, the appellant would normally be presumed to be a favorable candidate for alternative sentencing.  See State v. Melissa Ann Sweat, No. 03C01-9708-CC-00348, 1998 WL 707797, at *2 (Tenn. Crim. App. at Knoxville, October 12, 1998).

However, to be entitled to the presumption, the appellant also must fall within the parameters of Tenn. Code Ann. § 40-35-102(5), which states that a defendant cannot have a criminal history that shows a "clear disregard for the laws and morals of society" or "failure of past efforts at rehabilitation." See State v. Uther Christian, No. 01C01-9708-CC-00357, 1998 WL 531850, at *2 (Tenn. Crim. App. at Nashville, August 25, 1998); see also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996).  In the instant case, the appellant's lengthy criminal history clearly shows a disregard for Tennessee's driving laws.  Additionally, the appellant admitted at the sentencing hearing that he knew he was not supposed to drive at the time he committed the instant offense but he chose to ignore this prohibition.  Moreover, the appellant has been convicted numerous times of offenses similar in nature to the present offense and has frequently been afforded the largess of probation for those convictions.  Such attempts at leniency and rehabilitation have been unsuccessful.  Accordingly, because the appellant does not fall within the parameters of Tenn. Code Ann. § 40-35-102(5), we do not find that the appellant is presumed to be a favorable candidate for alternative sentencing.  See State v. Robert Duff, No. 02C01-9307-CR-00152, 1995 WL 390951,

at *2 (Tenn. Crim. App. at Jackson, June 28, 1995). As the trial court stated to the appellant, "[Y]ou've been making up your bed for some time. . . . It's sleepy time now. You might need to sleep in it."

Once the presumption of favorability for alternative sentencing has been removed, the appellant may still be granted probation if he is able to demonstrate to this court that probation will "'subserve the ends of justice and the best interest of both the public and the [appellant].'" State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). The following considerations apply when determining the appropriateness of an alternative sentence: (1) whether a sentence of probation would unduly depreciate the seriousness of the offense; (2) the nature and circumstances of the criminal conduct involved; (3) whether a sentence other than probation would provide an effective deterrent to others likely to commit similar crimes; and (4) the appellant's potential or lack of potential for rehabilitation. Tenn. Code Ann. §§ 40-35-210(b)(4),-103(5),-103(1)(B); see also State v. Grissom, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997).

Because the appellant has a "long history of criminal conduct" and because "measures less restrictive than confinement" have failed, we conclude that the appellant is not entitled to an alternative sentence. Tenn. Code Ann. § 40-35-103(1)(A), (C); see also State v. Johnny Lee Davis, No. 03C01-9710-CR-00433, 1998 WL 743649, at *2 (Tenn. Crim. App. at Knoxville, October 15, 1998); State v. M. Steven Lilly, No. 03C01-9505-CR-00143, 1996 WL 87441, at *4 (Tenn. Crim. App. at Knoxville, March 1, 1996). Moreover, we agree with the trial court that granting the appellant probation in light of his history of convictions based on the same or similar criminal conduct would depreciate the seriousness of the offense. See State v. Gerald Cathey, No. W1999-00660-CCA-R3-CD, 2000 WL 633325, at *2 (Tenn. Crim. App. at Jackson , May 12, 2000); State v. Michael Stamm, No. 03C01-9602-CC-00068, 1997 WL 189921, at *2 (Tenn. Crim. App. at Knoxville, April 17, 1997). While the appellant should be commended for completing a substance abuse program and for his successful business venture, we cannot conclude that the trial court erred in finding that these factors do not outweigh the appellant's extensive criminal history of similar offenses and the appellant's demonstrated lack of potential for rehabilitation.

### III. Conclusion
Based on the foregoing, we affirm the judgment of the trial court.

                                         _____

                                         NORMA McGEE OGLE, JUDGE