IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs April 19, 2006

## STATE OF TENNESSEE v. ERNEST CUNNINGHAM, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-D-2560     Mark J. Fishburn, Judge**

_____

**No. M2005-01718-CCA-R3-CD - Filed June 2, 2006**

_____

The defendant, Ernest Cunningham, Jr., appeals his convictions for facilitation of sale of cocaine under .5 grams (Class D felony) and possession of .5 grams or more of cocaine with the intent to sell (Class B felony). The defendant received concurrent sentences of twelve years for the facilitation offense and thirty years for possession with intent to sell, as a career offender with a 60% release eligibility date. The sole issue on appeal is whether the evidence was sufficient to support the convictions. Our review reveals that the evidence was sufficient. The judgments of conviction are hereby affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Nathan Moore, Nashville, Tennessee, for the appellant, Ernest Cunningham, Jr.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Angelita B. Dalton and Sarah N. Davis, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On July 23, 2003, two Metropolitan Nashville Police Department detectives, Justin Fox and Danny Warren, were working undercover in an attempt to buy drugs from street dealers. Detective Warren was driving an unmarked car carrying Detective Fox as a passenger. The two officers were equipped with wireless radios, enabling other officers in the vicinity to monitor conversations and receive alerts by the undercover officers. At approximately 7:20 p.m., the officers saw three black males standing near a Chevrolet Beretta parked at the Trinity Inn. Detective Fox asked Timothy Davis, a co-defendant, for a "thirty," which is street terminology for $30 worth of crack cocaine. Davis told the officers to drive farther down the parking lot. The officers parked within fifteen to twenty yards of the Beretta. Davis went to the back of the Beretta and joined the defendant.

Detective Fox watched the two men place something on the Beretta trunk and make a hand-to-hand transfer of an object which Detective Fox could not see to identify. Davis returned to the detectives' car and dropped three off-white rocks into Detective Fox's hand. Detective Fox handed Davis $30 of pre-copied bills of currency, which Davis took. An extra five-dollar bill was dropped inside the vehicle, and Davis retrieved it saying, "It'll be five more." After Davis accepted the money, the detectives gave a pre-arranged signal to the uniformed officers stationed in the vicinity. The uniformed officers then converged and assisted in making the arrests.

Detective Warren essentially confirmed the account as related by Detective Fox. He stated that he could observe the defendant and Davis conferring at the trunk of the Beretta after Detective Fox had made his request to buy drugs. Detective Warren said he could see hand movements by the two defendants as they stood side by side. After the arrests, Detective Warren noticed residue on the Beretta that appeared to be crumbs from crack cocaine.

Sergeant Mackle was the supervisor of this operation and participated in the take-down phase. He stated that he had listened by radio to the conversation and received the signal to converge. Sergeant Mackle approached the defendant within five feet and demanded that he raise his hands. The defendant, instead, picked up currency from the back of the Beretta and threw it down. The defendant then picked up and threw a wadded piece of brown paper. Lieutenant Johnson retrieved the wadded paper, and it contained a large rock with several smaller pieces. Sergeant Mackle stated that the amount was typically used for resale as opposed to personal use. Lieutenant David Johnson confirmed that he retrieved the wadded paper in accordance with Sergeant Mackle's instructions.

Officer Michael Dunn assisted in arresting the defendant and Davis. He testified that he recovered white rock substance from Davis's hand, right sock, and some that he had dropped, as well as the buy money paid by Detective Fox. Davis also had a crack pipe in his pocket. On cross-examination Officer Dunn affirmed that no drugs or buy money were found on the defendant's person.

Agent Glen Glenn, a forensic chemist with the Tennessee Bureau of Investigation, testified that the two substances sold and recovered from Davis weighed .2 grams, and each tested as crack cocaine. The substance which the defendant discarded in the brown paper was also crack cocaine and weighed 1.7 grams.

The defendant, during voir dire, expressed his desire to waive his right to testify. No proof was presented by the defendant.

Sufficiency

When the sufficiency of the evidence is challenged on appeal, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992);. The same standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony but without the intent required for criminal responsibility under Tennessee Code Annotated section 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony. T.C.A. § 39-11-403(a).

It is an offense for a defendant to knowingly possess a controlled substance with intent to manufacture, deliver, or sell such controlled substance. T.C.A. § 39-17-417(a)(4). A conviction may be had upon either actual or constructive possession. Constructive possession is the ability to reduce an object to actual possession. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991).

The defendant contends that the evidence is insufficient to prove either his facilitation of the sale or possession of cocaine. The defendant insists that his "mere presence" was insufficient to support the convictions, relying upon State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996). Our review of the record reveals that the defendant took a more active role in assisting the sale and in actually possessing cocaine than merely lending his presence. The two detectives saw Davis conferring with the defendant after receiving the request to buy crack cocaine. Detective Fox saw the defendant and Davis make a hand-to-hand transfer during their collaboration. Davis then returned and gave Detective Fox the rocks of cocaine. A rational jury could legitimately infer that the defendant gave substantial assistance in the felonious sale.

When the defendant was ordered to raise his hands by Sergeant Mackle, he first threw down some currency and then threw a wadded paper containing 1.7 grams of cocaine. His actions constituted control and possession of the cocaine. The jury was entitled to infer from the amount of cocaine and the surrounding circumstances that the cocaine was for sale. Accordingly, we affirm the convictions.

_____
JOHN EVERETT WILLIAMS, JUDGE