IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2007

## STATE OF TENNESSEE v. WILLIAM THOMAS HECKART

**Direct Appeal from the Criminal Court for Sullivan County
Nos. S50,356; S50,357; S50,856; S50,866    Phyllis H. Miller, Judge**

**No. E2006-01961-CCA-R3-CD - Filed June 20, 2007**

The defendant, William Thomas Heckart, pled guilty in the Sullivan County Criminal Court to reckless endangerment, a Class E felony; two counts of aggravated assault, a Class C felony; misdemeanor violation of the sex offender registry, a Class A misdemeanor; and felony violation of the sex offender registry, a Class E felony, and was sentenced as a Range I offender to an effective six-year sentence in the Department of Correction. On appeal, he argues that the trial court erred in denying his request for probation or other alternative sentencing. Following our review, we affirm the judgment of the trial court but remand for entry of a corrected judgment form in count two of case number S50,856 to reflect that the conviction offense was a Class C felony.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed and
Remanded for Entry of Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and
JOHN EVERETT WILLIAMS, JJ., joined.

Leslie S. Hale, Assistant Public Defender, for the appellant, William Thomas Heckart.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In separate cases, the defendant was indicted by the Sullivan County Grand Jury on one count of reckless endangerment, one count of misdemeanor violation of the sex offender registry law, one count of felony violation of the sex offender registry law, and two counts of aggravated assault. On

July 11, 2006, he entered no contest guilty pleas to all counts and was sentenced as a Range I offender to an effective sentence of six years in the Department of Correction.

At the guilty plea hearing, the prosecutor informed the trial court of the proof the State would have presented at trial:

> Judge, in talking with [defense counsel] I understand that the defendant would dispute any [sic] of these facts but had these cases gone to trial the evidence that the State would present, starting with Case No. S50,357, on February the 19th, 2005 Officer Dennis Hickman with the Kingsport Police Department was called to the M&M Market located on North Eastman Road in Kingsport and Sullivan County. When he arrived he spoke with Sherrita (phonetic) Sexton who stated that the defendant, William Heckart, had repeatedly struck her and grabbed the steering wheel while she was attempting to drive on East Center Street. Eventually she was able to swerve into the parking lot of the market and get away from him. The State would also present the testimony of two witnesses who said that they observed [the defendant] striking Ms. Sexton and pulling her hair while she was driving down the road. They would also testify that the car was weaving and swerving all over East Center Street. Officer Hickman was able to observe red marks and an abrasion on Ms. Sexton's face and head.

The prosecutor informed the court that the State's proof in case number S50, 856, involving the two counts of aggravated assault, would have been as follows:

> In that case on April the 18th of 2005 Officer Tracy Mowdy with the Kingsport Police Department was called to the emergency room at Indian Path Hospital located on Brookside Drive in Kingsport and Sullivan County. When he arrived he spoke to Terry Laughlin who was a nurse there at the emergency room. He stated that the defendant, William Heckart, who was a patient there at the hospital had walked out of his room and began to chase Mr. Laughlin in the hall with a knife, made several attempts and swung at him. Eventually [the defendant] stopped and said he was going to leave and at that point [the defendant] began to walk out of the building. At that point Mr. Laughlin, along with another individual, Anthony Stiltner, began to follow him. There were several visitors in the area and they advised just to kind of stay away because of the fact that [the defendant] had a knife. At that point [the defendant] then began to chase again Mr. Laughlin and Mr. Stiltner with a knife and their testimony would be that they were put in fear by [the defendant's] actions.

Finally, the prosecutor informed the trial court of the State's proof in the misdemeanor and felony violation of the sex offender registry cases:

The State's proof in S50, 356 would be that the defendant, William Heckart, was convicted on February the 3rd, 1998 here in Sullivan County of the offense of sexual battery. As a result of that he was required to register with the TBI as a sex offender. He did so. It was shortly thereafter he was placed on probation, went over the sex offender registry forms with his probation officer, Wendy Minton, signed that he understood what the requirements were under the registration program and the State would present evidence that in 2001 the sex offender monitoring forms were mailed to [the defendant] at the address that he had provided to the TBI and that those forms were returned unclaimed to them, that he failed to return monitoring forms several times in October and in December of 2001, that he was required to do so as a result of being a convicted sex offender. And that would be the State's proof in S50,356.

The proof in S50,866 would be that as a result of a change in the law that was passed in July of 2004 [the defendant] again as a result of his conviction of sexual battery and being classified as a sex offender was required to register in person with a registering agency here in Sullivan County during the month of August 2004 and that between the dates of August 1st, 2004 and August 31st, 2004 he failed to register with the registering agency. The State would present proof that at that time [the defendant] was living in Kingsport and should have registered with the Kingsport Police Department in person as a sex offender.

At the August 14, 2006, sentencing hearing, the sixty-three-year-old defendant testified that he had saved enough money to rent a room at a motel and that he would "like to go on probation to see if [he could] handle it." He said that his sister, who lived in "Carolina," had sent him the money to pay for the motel lodging and that he might later seek to have his probation transferred to "Carolina." He acknowledged he had previously been in the "Hay House program" but had been asked to leave due to his failure to ask "permission to go up town." He believed, however, that he had been given "a raw deal" by the Hay House staff. The defendant testified that he was currently "taking blood pressure pills, baby aspirin for [his] heart, a fluid pill, a gout pill and some mental health medicine," all of which was administered by the jail nurses. He said he planned to continue taking his medication on his own if released on probation. He stated that, as an older inmate, he was "threatened a lot" in jail, which made life difficult for him. In addition, the holding cell in which the jail staff had placed him for his protection did not have a television.

At the conclusion of the hearing, the trial court denied the defendant's request for probation or alternative sentencing, finding that measures less restrictive than confinement had frequently been applied unsuccessfully to the defendant. The trial court agreed, however, to recommend that the defendant be incarcerated at a special needs facility. Thereafter, the defendant filed a timely notice of appeal to this court.

**ANALYSIS**

The sole issue the defendant raises on appeal is whether the trial court erred in denying his request for probation or alternative sentencing. He argues, among other things, that the time he had already served in jail prior to sentencing should serve as an adequate deterrence for the crimes and that the facts surrounding the offenses were not sufficiently serious to warrant a sentence of further confinement. The State argues that the trial court did not abuse its discretion in denying probation or alternative sentencing based on the defendant's numerous past failures to comply with the conditions of probation or alternative sentencing. We agree with the State.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003).[1] This presumption of correctness, however, is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (2003), Sentencing Commission Comments.

As a standard offender convicted of Class C and E felonies, the defendant was presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2003). Moreover, because he received a sentence of eight years or less, he was eligible for probation and the trial court was required to consider probation as a sentencing option. Tenn. Code Ann. § 40-35-303(a), (b) (2003).[2] However, although the defendant was entitled to the presumption of alternative sentencing, he was not automatically entitled to probation as a matter of law. Tenn. Code Ann. § 40-35-303(b) (2003). The burden was upon the defendant to show he was a suitable candidate for probation. Id.; State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the

---

[1] On June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102(6), -210, and -401. See 2005 Tenn. Pub. Acts ch. 353, §§ 1, 6, 8. The amended code sections, however, do not apply in this case because the defendant's offenses were committed prior to the enactment of the statute and he did not elect to be sentenced under the 2005 amendment.

[2] Under the amended code section, a defendant who receives a sentence of ten years or less is eligible for probation. See Tenn. Code Ann. § 40-35-303(a) (2006).

defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527.

The presumption in favor of alternative sentencing may be overcome by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source, provided it is made part of the record. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1).

In this case, the trial court imposed a sentence of confinement based on the defendant's extensive history of failure to comply with the conditions of probation. The trial court noted, among other things, that the defendant's presentence report contained "page after page of violation of alternative sentencing," which included the defendant's recent failure to comply with the rules of the Hay House. We can find no error in the trial court's sentencing determinations. As the trial court noted, the defendant has an extensive criminal history as well as an extensive history of failure to comply with the conditions of probation. By our count, the defendant has been found guilty of violating his probation on at least seven separate occasions in the past. Based on this record, we conclude that the trial court did not err in denying the defendant probation or other alternative sentencing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgement of the trial court but remand for entry of a corrected judgment form in case number S50,856 to reflect that the defendant's conviction for aggravated assault is a Class C, rather than Class D, felony.

_____
ALAN E. GLENN, JUDGE