IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

**STATE OF TENNESSEE v. JASON GLEN JACOBS**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-D-2872     Monte Watkins, Judge**

_____

**No. M2007-00366-CCA-R3-CD - Filed October 8, 2008**

_____

The defendant, Jason Glen Jacobs, pled guilty to the crime of child abuse, a Class D felony, in exchange for a three-year sentence with the manner of service to be determined by the trial court. The crime occurred on September 17, 2004. Following a sentencing hearing on January 19, 2007, the trial court sentenced the defendant as a Range I offender to three years of probation. Additionally, the defendant was sentenced to serve the first six months in confinement and was required to complete parenting classes. On appeal, he argues that he should have been sentenced to serve the entire term on probation without confinement. After careful review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Jason Glen Jacobs.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and J. W. Hupp, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The trial court placed the defendant on an alternative sentence of split confinement. On appeal, the defendant argues he was entitled to full probation.

At the guilty plea hearing, the State presented the following stipulated facts:

Just for purposes of the plea . . . if it were to go to trial the State of Tennessee would be able to present evidence and witnesses that would testify that in Davidson County the defendant was babysitting an infant child, and when he was babysitting the infant child the child was injured in the defendant's care.

Initially there was, possibly, a shaken-baby. The defendant did give an explanation that did not match the injuries. The defendant later cooperated with our investigation and in negotiation gave a different explanation of dropping the child from a height over six feet high. The injuries are consistent with either shaken-baby, or dropped from a height.

He had a subdural hematoma, retinal imaging, and a bruise on the inside and outside of his brain. And he has subsequently recovered fully after a hospital stay.

During the sentencing hearing, the victim's mother testified that she was living with the defendant at the time of the incident. She said that she completely trusted the defendant to babysit if she had something to do. On the morning of the incident, she left the victim with the defendant, and the victim was injured while in the defendant's care. The defendant initially told her that the victim rolled off the couch while he was out of the room. The victim was in the hospital for five days after he was injured.

The defendant testified that he called 9-1-1 after the incident and acknowledged that he panicked. The defendant told the detectives that the victim rolled off the couch but did not tell the authorities that he dropped the child until after he was arrested. He explained that he was playing a game with the victim that the victim liked called "airplane," in which he held the victim above his head and moved him back and forth while making airplane noises. He testified that the victim unexpectedly squirmed and fell from his hands to the ground. He said that the incident was an accident and was not intentional.

The trial court found that the defendant expressed remorse for his actions and considered that he had no prior criminal record and that he was eighteen years old at the time of the incident. The trial court also noted that part of the punishment included branding the defendant as a felon for the rest of his life. The court also stated that the victim impact statement filed by the victim's mother carried great weight with the court. The court found the actions of the defendant to have been reckless rather than intentional but found it necessary to punish the defendant with some time in confinement. Accordingly, the trial court sentenced the defendant to three years on probation and ordered him to serve the first six months of his sentence in confinement. Additionally, the court ordered the defendant to attend parenting classes.

Analysis

-2-

The defendant argues that the trial court erred in sentencing him to serve six months in confinement. In support of his argument, he relies on the fact that he was eighteen years old at the time of the incident, which he characterizes as an accident, and that he had no prior criminal record.

When a defendant challenges the length, range, or manner of service of a sentence imposed by a trial court, this court must conduct a *de novo* review of the record with a presumption that the sentencing determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). If the sentencing court did not do so, the presumption is then removed and the appellate court must review the sentence *de novo* with no presumption. *Id.*

So long as the sentencing court followed the appropriate statutory procedure and imposed a lawful sentence after giving due consideration to the factors and principles under law and so long as the sentencing court's findings of facts are adequately supported by the record, then we may not modify the sentence, even if actually preferring a different result. *State v. Goodwin*, 143 S.W.3d 771, 783 (Tenn. 2004) (citing *State v. Pike*, 978 S.W.2d 904, 926-27 (Tenn. 1998)). On appeal, the defendant has the burden to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

A defendant, who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, is considered to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2008). The sentence should be no greater than that deserved for the offense committed. Tenn. Code Ann. § 40-35-103(2) (2008). A defendant seeking probation bears the burden of showing that probation will "subserve the ends of justice and the best interests of both the public and the defendant." *State v. Dykes*, 803 S. W. 2d 250, 259 (Tenn. Crim. App. 1990).

Our review reflects that the trial court was within its discretion in sentencing the defendant to serve six months in confinement. The defendant did not establish that he was suitable for probation. A defendant is not automatically entitled to probation as a matter of law. *See* Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments. The defendant must prove his or her suitability for probation. *Id.*

Here, the defendant is considered to be a favorable candidate for an alternative sentence because he was convicted of a Class D felony. The trial court sentenced him to an alternative sentence of split confinement. Our review of the record reflects that the sentencing court did consider the sentencing principles and did not abuse its discretion. As previously stated, so long as the sentencing court followed the appropriate statutory procedure and imposed a lawful sentence after giving due consideration and proper weight to the factors and principles under law, we may not modify the sentence, even if actually preferring a different result. The trial court's findings of facts are adequately supported by the record; therefore, we affirm the imposed sentence.

## Conclusion

Based on the foregoing and the record as a whole, we conclude the sentence imposed is not in error, and we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE