IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2013

## STATE OF TENNESSEE v. JOHN ANTHONY GARRETT

**Appeal from the Criminal Court for Sullivan County**
**No. S54800 R. Jerry Beck, Judge**

**No. E2012-01898-CCA-R3-CD - Filed September 23, 2013**

The defendant pled guilty to one count of the sale of less than 0.5 grams of cocaine, a Class C felony, one count of delivery of less than 0.5 grams of cocaine, a Class C felony, one count of maintaining a dwelling for purposes of selling controlled substances, a Class D felony, and one count of casual exchange of marijuana, a Class A misdemeanor. After accepting the defendant's plea, the trial court merged the defendant's convictions concerning the sale and the delivery of cocaine. Pursuant to his plea agreement, the defendant was sentenced as a Range I, standard offender to five years for the sale of cocaine, three years for maintaining a dwelling for purposes of selling a controlled substance, and eleven months and twenty-nine days for his casual exchange. The trial court ordered the defendant to serve these sentences concurrently, resulting in a total effective sentence of five years. The defendant moved the court for alternative sentencing, but the trial court denied this motion following a hearing and ordered the defendant to serve his sentence in confinement. On appeal, the defendant claims that the trial court erred by denying his motion for alternative sentencing. After carefully reviewing the record and the arguments of the parties, we conclude that the defendant has failed to establish that the trial court abused its discretion. The judgments denying alternative sentencing are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Stephen M. Wallace, District Public Defender; Joseph F. Harrison, Assistant District Public Defender for the appellant, John Anthony Garrett.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Barry P. Staubus, District Attorney General; and James F. Goodwin, Jr.

and Josh Parsons, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

A Sullivan County grand jury returned a four-count indictment charging the defendant with knowingly selling 0.5 grams of cocaine in violation of Tennessee Code Annotated section 39-17-417, knowingly delivering 0.5 grams of cocaine in violation of Tennessee Code Annotated section 39-17-417, knowingly casually exchanging marijuana in violation of Tennessee Code Annotated section 39-17-418, and maintaining a dwelling where controlled substances were used or sold in violation of Tennessee Code Annotated section 53-11-401. On March 19, 2012, the defendant pled guilty to all four counts.[1] The parties stipulated to the following factual basis for the plea:

> On October 29, 2007[,] at approximately 1530 hrs KPD Vice Detectives met with a reliable confidential informant in reference to making a drug [buy] from John A. Garrett. The CI made a recorded phone call to John Garrett and made arrangements to purchase $90.00 of Cocaine. The CI was driven to the residence of John Garrett [address omitted] by Detective Scott Reid. Once there the CI purchased $90.00 of powder Cocaine from John Garrett. Audio and visual recordings were obtained of the transaction. The evidence was sent to the TBI for processing and was returned showing positive for 0.5 grams of cocaine and .01 grams of marijuana.

After accepting the defendant's guilty plea, the trial court merged the defendant's convictions for selling and for delivering the cocaine. Pursuant to the plea agreement, the trial court sentenced the defendant as a Range I, standard offender to five years for the sale of cocaine, three years for maintaining a dwelling for purposes of selling a controlled substance, and eleven months and twenty-nine days for casually exchanging the marijuana. The trial court ordered all of these sentences to be served concurrently, for a total effective sentence of five years. The trial court ordered all of the current sentences imposed in the case at bar to be served consecutively to other sentences imposed in unrelated cases, which the petitioner had pled guilty on the same day. The trial court permitted the defendant to

---

[1] The State agreed to reduce the charges concerning the sale and delivery of cocaine from 0.5 grams of cocaine to less than 0.5 grams of cocaine, which reduced the grade of these two of the defendant's offenses from a Class B felonies to a Class C felonies. *See* T.C.A. § 39-17-417(c).

serve these sentences on probation.

On September 4, 2012, the trial court held a hearing concerning the defendant's pending motion to receive alternative sentencing with respect to the three convictions that are the subject matter of this appeal. At that hearing, the trial court admitted the defendant's presentence report into evidence. The trial court reviewed that report, which listed a recent felony conviction for being a habitual traffic offender, numerous convictions for misdemeanor traffic offenses, and a 15-year-old conviction for aggravated burglary. The presentence report also revealed that the defendant had numerous charges and some additional convictions that he had received during his late teens and early twenties for crimes including theft, possession of marijuana, possession of alcohol, criminal trespass, and disorderly conduct. The defendant's juvenile court records revealed that the defendant had also been charged with several similar offenses as a minor.

The trial court observed that the presentence report revealed that the defendant had been placed on probation for his aggravated burglary, which had been revoked before later being reinstated. The trial court also observed that, according to the presentence report, the defendant had denied any current illegal drug use and claimed to be employed at a concrete company. The State presented no additional evidence.

The defendant testified on his own behalf that he was 38 years old, and he lived with his girlfriend. He testified that he had a 14-year-old son that he saw during visitation periods on the weekends and for whom he paid child support. He testified that he possessed a GED and that he had been enrolled in an online college. He testified that he currently worked providing home health care for an individual named Michael Ramey. He testified that he also performed repair and maintenance work for Mr. Ramey. He testified that he made eight dollars an hour and worked 40 hours or more per week. He testified that prior to starting his present job, he was employed by a company called Hurd Concrete, but the concrete business had dried up.

The defendant testified that he did not presently use any illegal drugs and that he had been "clean" since 2006. He testified that he could pass a drug test if one was administered to him that day. He testified that he had been incarcerated in 2006, and during his incarceration he had attended several drug classes that had helped him deal with his addictions. He testified that his most recent prison sentence had given him time to reflect upon all of the crimes that he had committed. He claimed that he had left prison determined to change himself and "show people that the system will work if you let it." He testified that if he were granted an alternative sentence, he would abide by its terms and conditions, and he would continue to do so until the day he died.

On cross-examination, the State asked the defendant about all of the times that he had been granted probation before, yet still made mistakes. The defendant responded that he had been young and naïve.

Mr. Michael S. Ramey testified that he had known the defendant his entire life, including when the defendant had gone through his "drug phase." Mr. Ramey testified that the defendant had been working for him since June. He testified that the defendant had testified accurately concerning the various duties that the defendant performed for him. He testified that the defendant also assisted him by performing maintenance work on his farm.

Mr. Ramey testified that he worked with the defendant on a daily basis. He testified that he had never seen the defendant under the influence of drugs or alcohol, nor had he ever seen any drugs or alcohol in the defendant's possession. He testified that the defendant had been a dependable employee and recommended that the defendant receive an alternative sentence.

After receiving this evidence, the trial court denied the defendant's motion for alternative sentencing. The trial court explained that the defendant had been granted probation on numerous occasions over the years and had violated his probation at least once. The trial court gave significant weight to the defendant's lengthy criminal record, which included prior felony convictions. The trial court concluded that alternative sentences had been tried with respect to the defendant and had "miserably failed." The trial court stated that the defendant would be required to serve his five-year effective sentence in incarceration and remanded him to the custody of the sheriff.

The defendant filed a timely notice of appeal concerning the trial court's denial of his motion for alternative sentencing. Satisfied that the issue is properly before us, we proceed to consider his claim.

**ANALYSIS**

The defendant argues that the trial court erred by denying his motion for an alternative sentence. We review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). A trial court does not abuse its discretion unless the court applies an incorrect legal standard or reaches a decision which is against logic and reason and which causes an injustice to the party complaining. *See, e.g, State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997). "[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based

upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

With certain exceptions, a defendant is generally eligible for probation if the sentence imposed on him or her is ten years or less in duration. T.C.A. § 40-35-303(a) (2012). However, there is no automatic entitlement to probation, and the burden is always on the defendant to show that he or she is a suitable candidate. *Id.* at 40-35-303(b); *see also State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000), (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

After carefully reviewing the record, we do not believe that the trial court abused its discretion by concluding that this defendant failed to meet his burden of proof. A trial court may deny alternative sentencing if it finds that any one of the following factors is satisfied: (1) confinement is necessary to protect society by restraining a defendant with a long criminal history; (2) confinement is necessary to avoid depreciating the seriousness of the offense or for deterrence purposes; or (3) measures less restrictive than confinement have frequently or recently been applied to the defendant and failed. *See* T.C.A. § 40-35-103(1). In this case, the trial court found that the defendant had a long criminal history and that alternative sentencing measures had previously been applied to the defendant without success. The defendant's presentence report fully supports the trial court's conclusions in this regard.

On appeal, the defendant argues that the trial court placed far too much emphasis on his prior criminal record and should have given greater consideration to his potential for rehabilitation. The defendant explains that his prior criminal acts were all committed before his recent two-year incarceration and urges that "this incarceration in the state penitentiary changed [the defendant's] life." The defendant directs our attention to testimony—his own and that of Mr. Ramey's—to the effect that in the interim period between his release from incarceration and his alternative sentencing hearing, the defendant had refrained from using illegal drugs, obtained and held a job, pursued a college degree, and generally stayed out of trouble. The defendant urges that with his life moving in the proper direction, "the interests of both the defendant and society are better served by giving the Appellant an opportunity to succeed."

The trial court heard live testimony from the witnesses on these issues and was in the best position to assess their credibility. After so doing, the trial court determined that the

defendant's prior criminal history and prior squandered alternative sentencing opportunities outweighed any considerations in favor of leniency. Upon review, we cannot conclude that the trial court's conclusion in this regard is completely contrary to logic and reason. The defendant's claim that the trial court abused its discretion by denying his request for alternative sentencing is denied.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE